### Monson and Brimfield Manufacturing Company *versus* Elbridge G. Fuller.

The *St.* 1824, *c.* 153, § 3, provides, that juries summoned, under the acts for the support and regulation of mills, to assess damages to any person, " may take into consideration, in their assessment, any other damage occasioned to such person, as well as the damage to the land overflowed," &c. And where a jury was empan-nelled to assess the damages sustained in consequence of the erection of a mill dam, whereby a tract of meadow, wood and arable land belonging to the complainant was overflowed and injured, it was *held*, that evidence of damage done to his up land adjoining to the meadow was admissible.

If, upon a complaint under the mill acts, to recover damages for overflowing the complainant's land, the complainant would claim for consequential damages to other land belonging to him, it is proper that he should set out such claim in the complaint.

CERTIORARI to the Court of Common Pleas. The peti-tion alleges, that the respondent, at the session of the Court of Common Pleas in June 1833, entered a complaint against the petitioners, setting forth that he was seised of a tract of meadow, wood and arable land lying on each side of the Quinebaug river, bounded, northerly, on land of James A. Lynn and the upland of the respondent, easterly, on the high-way and the upland of the respondent; southerly, on the up-land of the respondent and the lands of Samuel Frizell and Loring Webber, and westerly upon the Holland Pond, with the exception of three acres and seven rods of land, and that the petitioners had erected a dam, factory and gristmill on the river below this tract of land, whereby it was overflowed and injured; and praying for a jury to estimate the damages. The petition further alleges, that a warrant was accordingly issued and on July 2, 1833, a jury was summoned and empannelled by the sheriff and proceeded to examine the land; that at the hearing before the jury, the present respondent offered evi-dence of damage done to his upland adjoining the northerly side of his meadow and not included in the description of the land in the complaint, nor alleged to have been injured; that .he present petitioners objected to the admission of this evi-dence, on the ground, that such upland was not so included, but the objection was overruled by the sheriff, and the evi-lence was admitted; that they excepted to this decision; that

the jury agreed upon a verdict, assessing the yearly damage at $25, and the gross damage at $250 ; that the verdict and the exception were returned to the Court of Common Pleas ; that at the session of that court in February 1834, the verdict was accepted and judgment rendered thereon ; and that the present petitioners thereupon excepted to the decision of the Court of Common Pleas.

*Chapman*, for the petitioners.

*Wells* and *J. Stebbins*, for the respondent, cited *Commonwealth* v. *Ellis*, 11 Mass. R. 462.

The opinion of the Court was afterwards drawn up by

PUTNAM J.   By the *St.* 1824, c. 153, § 3, it is provided, that when any jury shall be summoned under the acts for the support and regulation of mills, " to assess damages to any person, the jury may take into consideration, in their assessment, any other damage occasioned to such person, as well as the damage to the land overflowed, and in offset thereto (if any there be) any benefit which may result to the complainant by reason of the mill dam complained of."

This statute and section seem to meet the very objection made to the proceedings and rulings of the sheriff.   It might happen, that the present respondent received some damages which were consequential to the flowing of the land particularly described.   It would have been better, undoubtedly, to set forth the claim to such consequential damages in the petition ; but the objection raised goes not to the form, but to the validity of such a claim.   There was no objection made by the petitioners, of any surprise in regard to the evidence offered, nor any desire expressed for a postponement for the purpose of procuring evidence to answer that which was produced by the other party.   It is to the competency of such evidence, that the complainants object.   And in regard to that, we all think that the ruling of the sheriff was right.   The land adjoining to that which was flowed, might be essentially injured, although it was not laid under water ; as if the water should percolate from the pond into the land adjoining, and cause it to produce grass less valuable in quantity and quality, than it would have done if the water had not been raised in the land adjoining.   And the owner might have sustained a

Monson &c.
Manuf. Co.
v.
Ful er.

Sept. 27th.

damage in some other manner, beyond that which accrued from covering the land particularly described, with water; which damage might well be a subject of compensation by the jury; as if he were cut off from the usual and convenient communication with other parts of his estate, for example.

We all think, that this objection to the proceedings cannot prevail, and that the petition should be dismissed, with costs for the respondent.